[L. A. No. 1902. In Bank.—August 20, 1907.]

## ANNIE P. IVERSON, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.

LIFE INSURANCE —APPLICATION — ANSWERS — WARRANTIES —WAIVER.— Where the written application for life insurance is made part of the policy, and the statements therein are warranted to be true, the written answer of the insured made in response to a question asked him relative to whether he had ever had a specified disease is material to the risk assumed by the insurer; and where the policy contains a provision to that effect a false answer to such question avoids the policy, unless the breach of the warranty has been waived by the insurer.

ID.—KNOWLEDGE OF SOLICITING AGENT—AUTHORITY OF AGENT TO WAIVE BREACH OF WARRANTY.—In the absence of any fraud practiced on the insured, or fraudulent representations made to him by the soliciting agent of the insurance company at the time of the application, the mere knowledge of such agent of the falsity of such answer, which is not communicated to it or to any of its general agents, cannot be imputed to the company so as to create a waiver by it of the breach of warranty, where such agent had neither actual nor ostensible authority to waive the truthfulness of statements or the warranties accompanying them.

ID.—LIMITATIONS ON POWER OF AGENT CONTAINED IN APPLICATION.—The soliciting agent of the company cannot be deemed to have either actual or ostensible authority to waive such breach of warranty where the application for insurance made and signed by the insured, and agreed to by him, provided that only the officers at the home office had authority to determine whether a policy should issue on the application, and that they acted on the written statements, answers, warranties, and agreements contained in it in determining that matter, and that no statements, promises, or information given to the soliciting agent should be binding on the company, or in any manner affect its rights, unless reduced to writing and presented to

the officers of the company at its home office. The company had a right to thus limit the authority of its soliciting agents, and the insured cannot, after the issuance of the policy, assert that the company was bound by information possessed by such agent and undisclosed to it.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Porter, Sutton & Cruickshank, for Appellant.

The knowledge of the defendant's soliciting agent can be deemed the knowledge of the defendant. (*Lyon* v. *United Moderns*, 148 Cal. 476, 113 Am. St. Rep. 291, 83 Pac. 804; *Arnold* v. *American Ins. Co.*, 148 Cal. 668, 84 Pac. 82; Civ. Code, sec. 2332; *Jefferson* v. *Hewitt*, 103 Cal. 629, 37 Pac. 638; *Bayley* v. *Employers' L. A. C.*, 125 Cal. 350, 58 Pac. 7; *West Coast L. Co.* v. *State Investment etc. Co.*, 98 Cal. 508, 33 Pac. 258.)

Seward A. Simons, for Respondent.

LORIGAN, J.—This action was brought by plaintiff as beneficiary to recover upon two policies of life insurance issued by defendant in favor of James E. Iverson, her husband.

The case was tried by the court, and from a judgment in favor of defendant plaintiff appeals, the appeal being presented on the judgment-roll.

The applications for both policies of insurance which were made and signed by the assured contained the following:—

"2. I have never had any of the following complaints or diseases: Apoplexy, asthma, bronchitis, . . . hemorrhage, insanity, . . . paralysis, pneumonia, rheumatism. . . ."

"12. I agree that this application has been made, prepared and written by myself or my own proper agent, and that inasmuch as only the officers at the home office of the company in the city of New York have authority to determine whether or not a policy shall issue upon any application, and as they act on the written statements, answers, warranties and agreements herein made, no statements, promises or information made or given by, or to, the person soliciting or taking

this application for a policy, or by or to any person, shall be binding on the company or in any manner affect its rights, unless such statements, promises or information be reduced to writing and presented to the officers of the company at the home office.

"And I further declare, warrant and agree that the representations and answers made above are strictly correct and wholly true, that they shall form the basis and become part of the contract of insurance, if one be issued, and that any untrue answer will render the policy null and void, and that said contract shall not be binding upon the company unless upon its date and delivery the insured be alive and in sound health."

The policies issued were based on these applications and contain the following provisions:—

"This policy is void if any of the statements or warranties in the application for this policy be not true."

The court found that at the date of the policies Iverson was alive and in sound health, and that he and plaintiff had complied with all the terms and conditions of the policy to be performed by them except as further stated in the findings, and in that regard the court made the following finding:—

"III. The defendant issued the said policies of insurance, induced by the warranties and agreements made in the application, copy of which is attached to the said policies."

"VII. The statement made by said James E. Iverson in his application that he had never had any of the following complaints or diseases, to wit: Apoplexy, asthma, bronchitis, . . . hemorrhage, insanity, . . . paralysis, pneumonia, rheumatism, . . . was untrue in this, that he had had a partial paralysis in August, 1900, and was seriously ill at that time from said stroke of partial paralysis, and was attended by Dr. C. A. Briggs."

The court further found:—

"VIII. That Harvey L. Clark was the agent who solicited the said James E. Iverson to take an insurance policy with the defendant company, and that he was an agent for the purpose of soliciting insurance only; that he had known James E. Iverson for more than two years, and at the time he solicited said insurance, and at the time of making said application, he knew that James E. Iverson had had said

stroke of partial paralysis, and communicated said fact to his immediate superior, who was a soliciting agent of the defendant in charge of the other soliciting agents in Pasadena, but who was under the general agent in Los Angeles, to whom he reported; but the fact that said James E. Iverson had had a partial stroke of· paralysis as aforesaid was not communicated to said general agent at Los Angeles, or to any other agent or officers of the defendant company.''

As a conclusion of law the court held ''that the said policies of insurance were null and void by reason of the statement of said James E. Iverson in his applications that he had had no paralysis.''

There can be no question but that the written answers in the application for insurance made by the insured in response to the questions asked him relative to whether he had ever had any of the diseases specifically mentioned in the questions were material to the risk assumed by the respondent; that the contract of insurance was based on them and on the agreement of the insured that if any answer was untrue the policy to be issued thereon should be void. As the insured stated in response to an inquiry on the subject in his application that he had not had paralysis, and this statement was untrue, the conclusion of the court that the policy was void was proper, unless the contention made by appellant is to be sustained. That contention involves the legal effect to be given to the finding of the trial court that Clark, the soliciting agent of the defendant, who solicited the insured to apply for the policy, knew when the insured made his application to the company in which he stated that he had not had paralysis that applicant had in fact suffered a stroke of paralysis.

The position of appellant relative to this finding is, that this knowledge of the soliciting agent Clark was knowledge of the company, and that the company, having issued the policy with knowledge that the statement of the insured in his application that he had not had paralysis was untrue, must be deemed to have waived the warranty with respect to it, and cannot be heard to insist upon the falsity of the statement to avoid the policy. Undoubtedly, if the company did have such knowledge, the issuance of the policy after possession of it would amount to a waiver. Warranties in an

application of insurance are for the benefit of the insurer, in order that it may determine whether it will accept the risk, and if with knowledge that any representations or statements made therein are untrue it consummates the contract of insurance, it is deemed to have thereby waived the right to subsequently assert their falsity to avoid liability. But the question always is, Did the company have knowledge? and that is the question here. It is not pretended that any knowledge possessed by Clark was in fact communicated to any general agent of the defendant, or that it was communicated to the officers of the company at the home office in New York. The claim is, however, that the relation of Clark to the defendant as soliciting agent was such that, whether the knowledge was imparted to these agents or officers or not, this knowledge was in contemplation of law the knowledge of the company because Clark had it, and binds it as effectively as if it was communicated. But this effect on the defendant of knowledge possessed by Clark would not follow from the fact simply that Clark was the soliciting agent. It could only follow if, as such soliciting agent of the company, he had either actual or ostensible authority from it to waive the truthfulness of statements, or the warranties accompanying them, in the application for the policy. If he had neither actual nor ostensible authority to do so, mere knowledge on his part, uncommunicated to the officers of the company having conceded power to waive conditions or warranties, would not be binding on the company, because knowledge of the agent is only knowledge to the principal in matters which are within the scope of the agent's authority to act. (*Westerfield v. New York Life Ins. Co.,* 129 Cal. 68, 79, [58 Pac. 92, 61 Pac. 667].) And that Clark, as soliciting agent, had neither actual nor ostensible authority to act so as to waive the truthfulness of any statement in the application for the policy, or to relieve the applicant from any warranties therein, or to bind the company by any knowledge he might possess in relation to such statements or warranties, is clearly shown by the terms of the application itself, which expressly limits the power and authority of soliciting agents in those and in all particulars relative to matters pertaining to such application.

An insurance company can, like any other principal, prescribe limitations upon the power and authority of agents, and

persons dealing with such agents with knowledge of the limitations upon their authority are bound by the restrictions imposed. Now, in the application made and signed by the insured it was expressly agreed by him that all his answers therein were true; that they should form the basis of the contract of insurance, and if any were untrue the policy should be void. He was informed by it plainly that only the officers at the home office had authority to determine whether a policy should issue on the application, and that they acted on the written statements, answers, warranties, and agreements contained in it in determining that matter. It was further expressly declared in the application, and agreed to by the applicant, that no statements, promises, or information given to the person soliciting the application for the policy should be binding on the company, or in any manner affect its rights, unless reduced to writing and presented to the officers of the company at the home office. Clearly, by these provisions of the application, express notice was given to the applicant that the officers at the home office reserved the exclusive right to determine whether the company would be bound by any statement or information made or presented by its soliciting agents, and then only when such statements were presented to them in writing, and that soliciting agents had no authority or right at all to bind it by any statements, promises made, or information possessed by them. The company had a right to thus limit the authority of its soliciting agents, and the beneficiary under the policy cannot now assert that the company was bound by the information possessed by its soliciting agent and undisclosed to it, when it was expressly declared in the application that the agent had no authority thereby to bind the company; that the company would not be affected by it unless it was forwarded to the officers at the home office for their consideration and action upon it, and the insured had knowledge of this when he made his application.

As, by the terms of the application and to the knowledge of the insured, the soliciting agent had no authority to bind the company in any way, either by express agreement or the possession of any knowledge or information concerning the falsity of any of the statements or warranties contained in the application, mere possession of knowledge of such falsity was

not knowledge acquired within the scope of his authority, and therefore cannot be said to be the knowledge of the company.

Counsel for appellant cites us to cases where the company has been held bound by the conduct of its soliciting and other special agents. But these are cases where either the agents had ostensible authority to act in the matters in question there or had deceived the insured; been guilty of some misrepresentation or perpetrated some fraud upon him, the insured not being in fault and acting in good faith, without notice of any limitation upon the authority of the agent. But the case at bar presents none of these situations. It is not claimed that the agent perpetrated any fraud on the insured; that he represented he would or had authority to waive the truthfulness of any statements in the application or the accompanying warranty respecting its truth. The position taken here by appellant simply is that because the agent had information that a statement the assured warranted to be true was false, the mere possession of this knowledge bound the company and relieved the assured from his warranty, notwithstanding it was expressly provided in the application, and the insured knew, that the company could not be so bound, and could only be bound by having such information imparted in writing to the home officers who were authorized to act upon it. This position could only be sustained by holding that it was not competent for the company to limit the authority of its agents, and that the insured is not bound by the knowledge of such limitations. Of course, it cannot be so held. In the case at bar there is no question of fraud, deception, or misrepresentation practiced by the agent. The sole question is one of contract. The application contained a limitation on the authority of the agent expressly providing against the company being bound by any information possessed by him not disclosed in the application, and declaring the only way it could be bound,—namely, by written statements furnished the officers at the home office for their action upon them. The assured knew all this and agreed to it. It was the contract of the parties upon the subject of the agent's authority, and prescribed the only method in which the company could be bound, which it is not pretended was followed, and we know no reason why the assured should not be con-

trolled by the terms of the contract and the limitations on the authority of the agent imposed thereby. (*New York Life Ins. Co.* v. *Fletcher,* 117 U. S. 519, [6 Sup. Ct. 837]; *Northern Assur. Co.* v. *Grand View Assn.,* 183 U. S. 308, [22 Sup. Ct. 133]; *McCoy* v. *Metropolitan Life Ins. Co.,* 133 Mass. 82; *Clemens* v. *Supreme Council,* 131 N. Y. 485, [30 N. E. 496]; *Dimick* v. *Metropolitan Life Ins. Co.,* 69 N. J. L. 384, [55 Atl. 291].)

In discussing this matter we have referred simply to the finding of the court as to the knowledge possessed by Clark, the soliciting agent, who actually solicited the application for the policy by the assured. We have in mind the fact that the court found that Clark had imparted this information to his immediate superior, also a soliciting agent of defendant in charge of the other soliciting agents in Pasadena. That he imparted this information to him does not affect the question. The knowledge of the superior soliciting agent, under the limitation as to the authority of such agents, bound the defendant no more than did the knowledge possessed by Clark.

It follows from the view we take of the law applicable here, —that the insurance company had not waived the warranty made by the assured in his application for a policy relative to paralysis; that knowledge by the soliciting agent of the falsity of this statement as to that matter did not have that effect in view of the limitation on his authority contained in the application and known to the assured, and the further provision as to the only method by which the warranty might be waived by the company,—that the judgment is supported by the finding that there was a breach of such warranty, and is affirmed.

McFarland, J., Sloss, J., and Henshaw, J., concurred.

ANGELLOTTI, J., concurring.—I concur in the judgment, and generally in what is said in the opinion. I, however, base my concurrence solely upon the presence in the application for the policy of the provision set forth in the opinion, and the knowledge thereof which, by the record before us, must be imputed to the applicant at the time he made the application. Mr. Cooley, in his Briefs upon the Law of Insurance, states that the general rule that the knowledge of an insurance agent is

imputable to the company applies also, in most instances, to a soliciting agent with reference to matters made known to him prior to the execution of the policy. (Vol. 3, p. 2524 et seq.) This declaration appears to be supported by many decisions. But where the company has, to the knowledge of the applicant, expressly provided that it shall in no way be bound by any knowledge possessed by the soliciting agent, and that as to matters covered by the questions asked the applicant it acts solely upon the written information furnished by the applicant to the home office in determining whether or not a policy shall issue, which is the effect of the provision in question, I do not see how the company can be held to be bound by the mere knowledge of the soliciting agent of the falsity of an answer knowingly made by the applicant.

Shaw, J., concurred.