[Civ. No. 1009. Second Appellate District.—March 5, 1912.]

## JOHN R. POOLE, Respondent, v. GRAND CIRCLE WOMEN OF WOODCRAFT, a Corporation, Appellant.

LIFE INSURANCE—ACTION ON POLICY BY BENEFICIARY—STATEMENTS IN APPLICATION—ABSENCE OF "ILLNESS" SINCE CHILDHOOD—PHYSICIAN NOT "CONSULTED."—An action upon a policy by a husband as the beneficiary of his wife, whose statements made in her application for the policy were that she had "not been confined to the house by illness since childhood," or "consulted a physician since that time," is not defeated by mere evidence of a physician that two years before the application he had treated her, when confined temporarily "from a cold, with a temporary difficulty during menstruation," that he gave her a little medicine, and that she got better "right away," and that afterward "he gave her a general tonic to build her up and give her an appetite."

ID.—DEFINITION OF "ILLNESS" AS USED IN POLICY.—The word "illness," as used in the policy, must be construed to mean something more than a mere indisposition due to a temporary cold, accompanied by a painful menstrual period. That word, as used, means a disease or ailment of such a character as to affect the general soundness and healthfulness of the system. "Illness" relates to matters which have a sensible, appreciable form, and applies ordinarily to matters of a substantial character, and not to a slight and temporary indisposition, speedily forgotten.

ID.—"CONFINEMENT TO HOUSE BY ILLNESS"—DISREGARD OF "TRIFLES." Remaining in the house for a few hours as the result of a cold, or other temporary indisposition, cannot be construed as "confinement to the house by illness." Applying the maxim embodied in section 3533 of the Civil Code, that "The law disregards trifles," the evidence wholly fails to show that the statement made by the applicant to the effect that she had not been confined to the house by illness was untrue.

ID.—QUESTION AS TO "CONSULTATION OF PHYSICIAN"—CONSTRUCTION.— A reasonable construction of the question as to whether the insured had "consulted a physician" implies that it should be interpreted as relating to a consultation as to some disease or illness with which the applicant was or had been afflicted, and not to some feeling of trivial discomfort or temporary indisposition not affecting the general health.

ID.—SUPPORT OF FINDING AGAINST BREACH OF WARRANTIES.—Even if the statements made in the application for the policy be considered as warranties, it is sufficient to say that the finding of the

court that there was no breach of said warranties is fully sustained by the evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County.   F. E. Densmore, Judge Presiding.

The facts are stated in the opinion of the court.

John H. Foley, for Appellant.

Charles S. Burnell, for Respondent.

SHAW, J.—Plaintiff, as the surviving husband of Gertie S. Poole, deceased, sues to recover upon a life insurance policy which had been issued to his wife by defendant, and wherein he was made the beneficiary.   Judgment went for plaintiff, from which defendant appeals.

The policy was issued on October 26, 1908, upon an application therefor signed by the applicant on September 19, 1908. Defendant resists payment upon the ground of an alleged breach of warranty, in that certain statements made in the application, and which are claimed to constitute strict warranties, were untrue.   Counsel for the respective parties devote a large part of their briefs to a discussion of the question as to whether statements made by the applicant should be construed as strict warranties.   A determination of such question, however, is not essential to a decision of the appeal. Appellant's contention in this regard may be conceded.   The question then arises, Were the statements untrue?   The trial court found they were true; hence, if this finding is sustained by the evidence, the judgment must be affirmed upon the ground that there was no breach of the alleged warranties.

The questions and answers thereto alleged to be false are as follows: "Q.   When were you last confined to the house by illness?   A.   Not since childhood, three and one-half years old.   Q.   When did you last consult a physician? A.   Not since childhood.   Q.   Have you now, or have you had, any illness, disease, or injury not mentioned in the foregoing questions and answers?   A.   No.   Q.   Is the menstruation regular and normal?   A.   Yes.   Q.   Have you ever had any inflammation or other disease of the ovaries or tubes? A.   No."   Gertie S. Poole died on February 21, 1909.   At

the trial, Dr. Bacon, the physician who attended deceased in her last illness, was called as a witness and testified that, some two years prior to the making of the application for insurance by deceased, he made one visit to her, at which time she was confined to her bed, suffering from an acute cold, and as a result of which there was temporary difficulty during the menstrual period; that he gave her a little medicine and she got better right away; that on October 1st following she called at his office, when he made an examination and found everything normal, except that the womb was a trifle small and a little bit sore, due to the congestion resulting from the cold; that early in 1907 he gave her a general tonic to build her up and give her an appetite. There is no evidence, other than the fact that when the physician called at her house he found her in bed, that the insured was ever confined to her house by illness. Whether her being in bed at the hour of his call was due to the cold with which she was afflicted is not made to appear. Indeed, for aught that is shown by the evidence, she may have been in bed only during the time of his single visit, and at what time in the day this occurred is not shown. He says he could not say how long she was confined to the house. Moreover, "illness," as here used, must be construed as something more than a mere indisposition due to a temporary cold, accompanied by a painful menstrual period. " 'Illness,' as used, means a disease or ailment of such a character as to affect the general soundness and healthfulness of the system, . . . and not a mere temporary indisposition, which does not tend to undermine and weaken the constitution of the insured." (*Billings* v. *Metropolitan Life Ins. Co.,* 70 Vt. 477, [41 Atl. 518].) A cold is "not to be construed as importing an absolute freedom from any bodily ailment, but rather as freedom from such ailments as would ordinarily be called disease or sickness." (*Metropolitan Life Ins. Co.* v. *McTague,* 49 N. J. L. 587, [60 Am. Rep. 661, 9 Atl. 766].) Illness "relates to matters which have a sensible, appreciable form, . . . and applies ordinarily to matters of a substantial character," and not to a slight and temporary indisposition, speedily forgotten. (*Hubbard* v. *Mutual Reserve Fund Life Assn.,* 100 Fed. 723, [40 C. C. A. 665].) Remaining in the house for a few hours, or abstaining from the labors of one's usual calling, owing to a temporary cold or headache, cannot

be construed as "confinement to the house by illness." Applying the maxim, "The law disregards trifles" (Civ. Code, sec. 3533), the evidence wholly fails to show the statement made by the applicant, to the effect that she had not been confined to the house by illness, to be untrue.

What we have said is equally applicable to the alleged untrue statement that she had not consulted a physician. A reasonable construction of the question implies that it should be interpreted as relating to a consultation as to some disease or illness with which the applicant was or had been afflicted, not to some feeling of trivial discomfort or temporary indisposition not affecting the general health.

The right of a beneficiary to recover upon an insurance policy, the application for which contains a statement that the applicant has not consulted a physician since childhood, should not be defeated by evidence that years before the date of his application he consulted a physician as to a headache due to an over-libation at a banquet and was advised to visit a soda-fountain and drink a bromo-seltzer. We concur with the learned trial judge that, if the facts presented constitute a defense to the plaintiff's right to recover, very few life insurance policies justify the faith therein of their holders.

Upon the theory contended for by appellant, that the statements made constitute strict warranties, the finding of the court that there was no breach of said warranties is fully sustained by the evidence.

The judgment is affirmed.

Allen, P. J., and James, J., concurred.