[Civ. No. 1462.   Second Appellate District.—July 22, 1916.]

## SECURITY LIFE INSURANCE COMPANY OF AMERICA (a Corporation), Appellant, v. LENA M. SCOTT BOOMS et al., Respondents.

LIFE INSURANCE—ILLNESS OF INSURED BETWEEN DATE OF APPLICATION AND DELIVERY OF POLICY—LACK OF KNOWLEDGE BY INSURER—CANCELLATION OF POLICY.—A life insurance company is entitled to have a policy of insurance canceled upon tender of the amount of premium paid, where the applicant for the policy between the date of her application and the time of acceptance of the application and date of the delivery of the policy had an attack of typhoid fever, and the company was without knowledge or notice of such illness until after the delivery of the policy.

ID.—APPLICATION FOR LIFE INSURANCE—CHANGES IN PHYSICAL CONDITION PENDING NEGOTIATIONS — DUTY OF APPLICANT.—The obligation rests upon an applicant for life insurance to disclose such changes in his physical condition as occur pending the negotiations as would influence the judgment of the company as to the advisability of accepting the risk.

ID.—REPRESENTATIONS IN APPLICATION—TIME.—The representations contained in an application for insurance must be presumed to refer to the time of the completion of the contract of insurance.

APPEAL from a judgment of the Superior Court of Orange County. W. H. Thomas, Judge.

The facts are stated in the opinion of the court.

C. R. Allen, and B. E. Tarver, for Appellant.

Head & Marks, for Respondents.

CONREY, P. J.—On or about October 12, 1910, Mary L. Young made application to appellant for an insurance policy upon her life, to be issued in favor of her daughter, Lena M. Scott, who is the respondent, Lena M. Scott Booms. In that application she agreed that the statements therein made by her were full, complete, and true, and should in the absence of fraud be deemed representations and not warranties. It was further agreed therein that the policy should not take effect until acceptance of the application and payment of the first premium. Payment of the first premium was completed and the policy was delivered on the eighteenth day of November, 1910. The application contained answers to questions asking whether the applicant had theretofore had any of certain named diseases, the list not including typhoid fever. The following question was: "Have you had any illness, disease, or injury other than as stated by you above?" to which a negative answer was returned. In February, 1911, Mrs. Young was afflicted with appendicitis, and after an operation therefor she died. On or about the third day of November, 1910, Mrs. Young became ill with typhoid fever. The disease ran its course in about ten or twelve days, and she was substantially recovered therefrom on the eighteenth day of November. The evidence does not show that the appendicitis was in any way consequent upon the typhoid fever, and we shall assume that the two diseases were entirely separate and

disconnected.   After proof of death of Mary L. Young had been made in connection with respondent's claim on the policy, the plaintiff commenced this action to obtain cancellation of the policy, basing its demand upon the allegation that at the time said application for insurance was accepted by the plaintiff, and also at the time when the premium was paid and the policy delivered, Mary L. Young was not in good health, but was then and there seriously ill.   It was further alleged that immediately upon being informed of the condition of the said Mary L. Young's health and illness as above stated, which was not until after the death of said Mary L. Young, the plaintiff tendered to the defendant the amount of the premium paid and demanded return of the policy for cancellation, which demand was refused.   By her answer respondent denied said allegations as to illness of Mrs. Young; denied that the plaintiff did not learn of Mrs. Young's illness until on or about the twenty-third day of November, 1911, but alleged that plaintiff was fully advised of such illness during the time thereof, to wit, between the third and eleventh days of November, 1910; alleged that such illness existed only between the third and eleventh days of November, 1910.   The defendant filed a cross-complaint, seeking to recover judgment on the policy, to which an answer was filed setting up the same facts as were alleged in the complaint.   Judgment was entered to the effect that the plaintiff recover nothing on its complaint, and also was in favor of the defendant as demanded in her cross-complaint.   The court's findings of fact state that Mary L. Young was in good health from the tenth day of October, 1910, until the third or fourth day of November, 1910, and that she was in good health on the eighteenth day of November, 1910; also that the application for insurance was accepted on the first day of November, 1910, and that the policy was delivered and the premium paid on the eighteenth day of that month.

The findings are silent concerning the question as to plaintiff's knowledge of any illness of the assured during said month of November.   The evidence shows that no information came to the corporation concerning that illness until after the death of Mrs. Young, unless such information is shown by the disputed evidence that the agent who received and forwarded the application and who delivered the policy and collected the premium, visited the house of the assured

during her said illness early in November, 1910. It was further agreed that the acceptance of the application should be by the company at its executive office in Chicago, Illinois, and the policy named certain officers who alone should have power to make or modify the contract or make any promise or representation concerning the same. Assuming only for the purpose of the argument that the company would have been bound by knowledge of said agent concerning the illness in question, it follows that appellant was entitled to a finding upon this issue of fact, and we must determine the remaining question in the case as if the finding had been in favor of the plaintiff; that is, that the plaintiff was without knowledge or notice of Mrs. Young's illness until after the delivery of the policy and after the death of the assured.

"The completion of the contract of insurance is the time to which a representation must be presumed to refer." (Civ. Code, sec. 2577.) "It is well settled that the obligation rests upon an applicant for life insurance to disclose such changes in his physical condition as occur pending the negotiation as would influence the judgment of the company as to the advisability of accepting the risk." (*Thompson* v. *Travelers' Ins. Co.*, 13 N. D. 44, [101 N. W. 900].) The decisions generally are to the same effect. (See note in 8 L. R. A. (N. S.), p. 983.) Since, in accordance with the section of the Civil Code quoted above, the representations contained in the application must in this case be deemed to refer to the time when the premium was paid and the policy delivered, it follows that the assured at that time represented that she had not had any of the diseases to which she returned a negative answer and had not had any illness or disease other than as specifically stated by her. To say that these representations may be ignored in the instance of a person who receives a life insurance policy immediately following upon an attack of typhoid fever, would be to deny one of the most important rights of the contracting party. The inherent probability that the plaintiff would have hesitated to issue a policy upon the life of Mrs. Young at that particular time, raises to very substantial importance its right to have been informed of the facts.

The appeal is from the judgment, and the judgment is reversed.

James, J., and Shaw, J., concurred.