[Civ. No. 4627.   Third Appellate District.—September 29, 1932.]

OLIN HARVEY ADAMS, Respondent, v. THE POLICY HOLDERS LIFE INSURANCE ASSOCIATION (a Corporation), Appellant.

Hugh Martin Young for Appellant.

Roy B. Maxey for Respondent.

JAMISON, J., *pro tem.*—On the tenth day of August, 1929, the defendant insurance association issued its policy of life insurance in the sum of $1500 to Annie Perkins in which policy the plaintiff was named as beneficiary to the amount of $750. Annie Perkins died on June 6, 1930, and thereupon the said association refusing to pay to plaintiff the amount specified in said policy, to wit, the said sum of $750, this action was commenced.

The action was dismissed as to all of the defendants except the said association and judgment was rendered in favor of plaintiff and against it and from this judgment the association has appealed.

Appellant argues as a ground for reversal that the said Annie Perkins in her application for membership in said association made certain false statements regarding her health and physical condition, and that these statements were warranties and being untrue they rendered the policy void, the said alleged false statements being as follows: "Q. Have you knowledge that any physical or mental disease exists in your system? A. No. Q. Are you now in good health? A. Yes." She further stated in said application as follows: "I am in good health and so far as I know have no disease or other condition which would prevent me from obtaining life insurance. I agree to the terms, conditions and provisions of the certificate of membership that this application become a part of such certificate and that any false statement, misrepresentation or concealment of any material fact shall make void my membership."

The policy also provides that it shall be void if the insured has made any false statement, misrepresentation or concealment of any material fact in her application.

Dr. J. K. Ransom, a physician and surgeon, who had practiced as such for many years, and who represented the association in the medical examination of applicants for membership, testified that he examined the said Annie Perkins for admission as a member of the association and found nothing wrong with her physical condition and passed her as a first-class subject for membership; that there were no indications from the examination he made that she had myocarditis or any symptoms of that disease.

Three witnesses testified that they were intimate acquaintances and neighbors of Annie Perkins; that she was a dress-

maker by occupation; that they had known her for from seven to ten years prior to her death and that during all of that time her health was good, that she had never complained of any illness prior to March, 1930.

Respondent testified that he had boarded at her home from 1923 until March, 1930; that during all of that time her health was good; that she never had any illness nor occasion to call in a physician.

Dr. Fred R. DeLappe, a witness for appellant, testified that he first met Annie Perkins in April, 1930. She was, at that time, a patient in the county hospital; that an examination of said patient disclosed that she was suffering from chronic myocarditis and marked oedema of the legs and thighs; that from said examination he formed the opinion that the said patient had been ill from myocarditis for over a year, and he was also of the opinion that the said patient knew that she was suffering from this trouble during the year prior to his said examination. He further stated that this disease is apparent, that it generally follows some other type of infection, and the patient usually knows when it begins.

■ If we assume that the representation of the assured in her application for membership that to her knowledge she had no disease at the date of said application was a warranty, then before we can determine that the policy is void for that reason it must appear that she knew that she was suffering from disease. ■ Where an applicant makes a positive statement as to a material matter, it is immaterial whether the misrepresentation was intentional or accidental, or honestly made. (*O'Connor* v. *Grand Lodge A. O. U. W.*, 146 Cal. 484, 489 [80 Pac. 688]; Bacon on Benefit Societies, sec. 210.) But where the answers of the applicant to the questions in the application are limited or qualified, by any particular or general expression, clearly showing an intention to so limit or qualify his statements, effect will be given to such extent. (Bacon on Benefit Societies, sec. 205a; *Northwestern Mutual Life Ins. Co.* v. *Gridley*, 100 U. S. 614 [25 L. Ed. 746].)

It was held in this last-named case that where the question was whether certain relatives of the applicant had been afflicted with any hereditary disease and he replied "not to

my knowledge" the affirmation was narrowed down to what the applicant personally knew touching the subject.

In the instant case the answer to the question, "Have you knowledge that any physical or mental disease exists in your system?" was "No" and she further qualified this statement by stating in her application that she was in good health as far as she knew. Is it a reasonable supposition that where Dr. Ransom, a physician and surgeon of wide experience, in making the examination of Annie Perkins for the said membership, and whose duty it was to ascertain whether or not she was suffering from any disease, could find even no suspicion of anything of the kind, that under these circumstances the said Annie Perkins would have knowledge of the existence of disease?

If myocarditis was so apparent in the system of Annie Perkins at the date of said examination, as testified by Dr. DeLappe, that she must have been aware of it, then in that event it would seem that Dr. Ransom would not have failed to discover it at the time he made his examination of her.

We are also of the opinion that there being a conflict in the evidence as to whether or not Annie Perkins was in good health and free from disease at the time she made her said application for membership, and there being substantial evidence to support the finding of the trial court that she was in good health and free from disease at that date, the judgment must be affirmed and it is so ordered.

Thompson, (R. L.), J., and Plummer, Acting P. J., concurred.