[Civ. No. 10251.   First Appellate District, Division One.—August 19, 1937.]

ELSIE T. PIERRE, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY (a Corporation), Appellant.

Knight, Boland & Riordan, F. Eldred Boland, J. W. Radil and James W. Archer for Appellant.

Redman, Alexander & Bacon and Herbert Chamberlin for Respondent.

GRAY, J., *pro tem.*—Forty-five days before his death Peter A. Pierre applied to the Metropolitan Life Insurance Company, through its soliciting agent, for a policy of life insurance in the sum of $5,000, payable upon his death to his wife Elsie T. Pierre. Six days later he signed the second part of the application, which contained his answers to printed questions concerning his previous medical history. Twenty-nine days before his death the agent delivered the policy to him while he was sick in bed. Upon the insurer's refusal to pay, the beneficiary brought the present action, in which she recovered a judgment, based upon the jury's verdict, for the amount of the policy plus accrued interest. The insurer appeals, claiming, principally, that the judgment should be reversed because of the erroneous denial of its motion for a directed verdict, which it had made upon the ground that the policy was voidable at its instance, because the insured had failed to disclose (1) by his answers to the questions in the application that he had suffered various illnesses and had been treated therefor by a physician and (2) by advice to it that his physical condition had changed between the dates of the application and the delivery of the policy. Since the determination, that the motion should have been granted for the reasons subsequently stated, is decisive of the appeal, other alleged errors need not be considered.

In the application questions were asked of the insured and answered by him as follows: "Q. 12 (a) Have you ever had Paralysis or Insanity? A. No. Q. 12 (g) Have you consulted a physician for any ailment or disease not included in your above answers? A. No. Q. 13 What physician or physicians, if any, not named above, have you consulted or been treated by, within the last five years and for what illness or ailment? If none, so state. A. Dr. Thurlow—Lacerated finger in 1931. Results good." Over his signature the insured certified that his answers were full, true and complete and agreed that they should form the basis of the contract of insurance, if issued. The policy provided that it was issued in consideration of the application, which was incorporated therein, and that together both constituted the entire contract. █ Answers to questions in an application are generally considered to be material representations of fact, which if false will vitiate the contract. (*Iverson* v. *Metropolitan Life etc. Co.,* 151 Cal. 746 [91 Pac. 609, 13

L. R. A. (N. S.) 866]; *Layton* v. *New York Life Ins. Co.,* 55 Cal. App. 202 [202 Pac. 958]; *Maggini* v. *West Coast Life Ins. Co.,* 136 Cal. App. 472 [29 Pac. (2d) 263].) The wording of the question may be important in determining the falsity of the answer. The first question inquired as to a specified disease, while the others were asked concerning any ailment or disease. An answer to a question as to whether an applicant had ever had a specified disease is material and, if false, avoids the policy. (*Iverson* v. *Metropolitan Life etc. Co., supra.*) ■ Since the words "ailment or disease", as used in an application, are understood to mean something more than a minor or temporary indisposition, which is easily forgotten, and to refer to substantial or appreciable disorders, which affect his general health, an answer, relative thereto, which fails to disclose a minor or temporary ailment is not considered to be false. (*Poole* v. *Grand Circle, W. O. W.,* 18 Cal. App. 457 [123 Pac. 349]; *Whitney* v. *West Coast Life Ins. Co.,* 177 Cal. 74 [169 Pac. 997].) ■ Failure of an applicant to disclose a physical condition of which he is ignorant will not affect the policy. (*Travelers Ins. Co.* v. *Byers,* 123 Cal. App. 473 [11 Pac. (2d) 444].) "A false representation or a concealment of fact whether intentional or unintentional, which is material to the risk vitiates the policy. The presence of an intent to deceive is not essential." (*Telford* v. *New York Life Ins. Co.,* 9 Cal. (2d) 103 [69 Pac. (2d) 835].)

■ If the uncontradicted evidence shows that the insured, by false answers, misrepresented or concealed material facts, the jury should have been instructed to find for appellant. (*Whitney* v. *West Coast Life Ins. Co., supra.*) It is undisputed that the insured, about three years before his death, was sick for a week with quinsy or sore throat, caused by an abscess behind a tonsil, and was treated therefor on three occasions by Dr. Thurlow, who advised the removal of the tonsils as a preventive of a recurrence of the trouble. There is evidence from which it readily could have been inferred that the quinsy was a symptom of an infection whose subsequent development in virulence caused his death, but the doctor stated that at the time he believed the ailment was minor. Accepting his testimony, the insured was not required to disclose such minor indisposition and his failure so to do did not invalidate the policy. ■ It is also un-

questioned that about one year before his death the insured was stricken for several days with a functional rather than an organic paralysis which caused him suddenly and completely to lose control and use of his legs. His wife (the respondent) testified that the trouble was caused by his pressing a lever with his foot repeatedly for a considerable time in taking tickets to a football game and that his limbs were numb, not paralyzed. Giving full weight to her testimony, still it is clear that he was paralyzed for he suffered at least a partial abolition of function in his legs. (46 Cor. Jur. 1177.) Although Dr. Thurlow who cared for this paralysis expressed the opinion that the ailment was minor, yet the insured's denial of having had paralysis was a material representation, since the insurer's question showed it considered it material and the insured's answer thereto evidenced his assent to the insurer's view. (*Westphall* v. *Metropolitan Life Ins. Co.*, 27 Cal. App. 734 [151 Pac. 159].) The doctor further testified that, at the time, he had fully discussed with the insured and his wife the nature and cause of his trouble but the wife denied that he had done so. █ Even if the conflict is resolved in favor of the wife's version, yet the insured from the symptoms must have known the nature of his affliction. (*Whitney* v. *West Coast Life Ins. Co., supra.*) The insured's answer that he had never had paralysis was a false representation of a material fact, which avoided the policy, and therefore the motion for a directed verdict was well taken on the ground first urged.

█ The insured was obligated to disclose to the insurer any material change in his physical condition which occurred in the period between the date of his application and the date of the policy's delivery. (*Security Life Ins. Co.* v. *Booms,* 31 Cal. App. 119 [159 Pac. 1000].) The evidence, without conflict, shows that during such period the insured was again stricken with the same form of paralysis, was sick from abscessed tonsils and infected teeth, and that his attending physician, Dr. Thurlow, after fully advising him as to the nature and cause of his illness, recommended the extraction of his teeth. During their removal a vein was inadvertently punctured, permitting bacteria to enter the blood stream and thereby causing blood poisoning from which he died. █ Respondent does not deny that such illness constituted a material change in the insured's physical condition of which he

was obligated to inform the insurer, but argues that his failure so to do was cured by the insurer's knowledge of the facts. This argument is based upon undisputed evidence that the soliciting agent, at the delivery of the policy, saw the insured sick in bed and was told by him that he was not feeling well, and had a cold and sore throat. There is no evidence that the agent was informed of the paralysis, the abscessed tonsils or the infected teeth, or that he observed these conditions. However, knowledge by a soliciting agent of the facts which he has not communicated to the insurer does not waive the failure of the insured to inform the insurer of those facts. (*Iverson* v. *Metropolitan Life etc. Co., supra; Westphall* v. *Metropolitan Life Ins. Co., supra.*) No claim is made that the agent ever communicated to the insurer any information relative to the paralysis, abscessed tonsils or infected teeth. It is apparent that the insurer was never informed as to the material change in the insured's physical condition and that therefore the motion was good upon the second ground stated.

The judgment is reversed.

Tyler, P. J., and Kinght, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 18, 1937, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 18, 1937.