727 F.2d 851
 RALLOD TRANSPORTATION COMPANY, a corporation; and Rallod
International, Inc., a corporation,
Plaintiffs-Appellants and Cross-Appellees,
v.
CONTINENTAL INSURANCE COMPANY, a corporation,
Defendant-Appellee and Cross-Appellant.
 Nos. 82-4119, 82-4147.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 15, 1982.
Decided March 6, 1984.
 
 James R. Walsh, Door, Cooper & Hays, San Francisco, Cal., for plaintiffs-appellants and cross-appellees.
 Larry D. Henson, Hothem & Henson, San Francisco, Cal., for defendant-appellee and cross-appellant.
 Appeal from the United States District Court for the Northern District of California.
 Before POOLE, BOOCHEVER, Circuit Judges, and McNICHOLS*, District Judge.
 POOLE, Circuit Judge:
 
 
 1
 In this diversity action, Rallod Transportation Company ("Rallod") sued its liability insurer, Continental Insurance Company ("Continental") because Continental denied liability and refused to grant coverage at a time when Rallod was threatened with legal actions with respect to the disbursement of freight monies claimed to be due and owing. The district court granted summary judgment to Continental. Rallod has appealed. We reverse, finding the existence of a genuine issue of material fact and that Continental was not entitled to summary judgment. Fed.R.Civ.P. 56(c).
 
 FACTS
 
 2
 In October, 1978, Rallod agreed to act as a steamship agent for United Container Service, Inc., doing business as Uni-Pacific Container Lines ("UCS/UPCL"). UCS/UPCL contracted to charter vessels from a group of shipowners known as the HBS group. Rallod's function as UCS/UPCL's agent was to solicit cargo business and to collect freight monies owed to UCS/UPCL.
 
 
 3
 The business venture did not get off to a good start. The first vessel to sail under the charter agreement was delayed due to unforeseen circumstances. Subsequently, UCS/UPCL began to experience financial difficulties. On February 13, 1979, Rallod learned that UCS/UPCL was not paying its bills to HBS. On February 15, 1979, Rallod received notice from HBS that UCS/UPCL was in default on its payments and that HBS intended to assert a contractual lien on all freights of the vessel.
 
 
 4
 About the same general time, Rallod purchased ship agent's liability insurance from Continental. Under this policy Continental agreed to "cover [Rallod's] legal and/or contractual liability." An oral contract of insurance was formed as of noon on February 13, 1979. The written policy was issued on February 14, 1979.
 
 
 5
 In March, 1979, HBS served Rallod with two summonses to appear in federal court and either deliver the freight or to explain its non-delivery. Rallod notified Continental of these actions and sought protection under the insurance policy. Continental's refusal resulted in this lawsuit. Continental contended that the policy should be rescinded because Rallod had concealed information material to its execution.
 
 
 6
 The district court found that Rallod's duty of full disclosure extended until the policy was issued on February 14, 1979. Because Rallod possessed material information on this date, which it did not disclose, the district court concluded that Continental was entitled to rescind the policy. We think that ruling was erroneous.
 
 DISCUSSION
 
 7
 We review grants of summary judgment de novo to determine whether there was any "genuine issue as to any material fact and [whether] ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 Duty to Disclose
 
 8
 Under California law an insurer may rescind an insurance policy if the insured conceals material facts. Cal.Ins.Code Sec. 331 (West 1982). However, rescission is permitted only when the insured conceals facts that he is under a duty to disclose. Absent such a duty there can be no actionable concealment. Thus, we must determine when Rallod's duty to disclose ceased.
 
 
 9
 The district court found that Rallod continued under a duty to disclose until the date the policy was issued: February 14, 1979. We hold that Rallod's duty terminated when the insurance contract was formed: February 13, 1979 at noon.
 
 
 10
 The district court wrongly construed California law as requiring the insured to disclose material facts until the written policy is issued. In all of the cases cited by the court, the insurance contract was not formed until a formal policy was issued or delivered. See Pierre v. Metropolitan Life Ins. Co., 22 Cal.App.2d 346, 350, 70 P.2d 985 (1937); Goss v. Security Ins. Co., 2 Cal.App.2d 459, 462, 38 P.2d 188 (1934); Security Life Ins. Co. of America v. Booms, 31 Cal.App. 119, 122, 159 P. 1000 (1916). In such cases the insured's duty to disclose continues until the policy issues because only then is the contract formed.
 
 
 11
 However, in cases like the present where the contract is formed before the policy's issuance, California law terminates the duty to disclose at the moment of formation and does not hold it open until the policy is issued. In General Acc. Fire and Life Assurance Corp. v. Industrial Acc. Comm., 196 Cal. 179, 237 P. 33 (1925), the policy was issued on July 27, 1922. The insured did not accept the policy until August 12, 1922. The court held that the insured's duty to disclose continued until the policy was accepted. Id. at 191, 237 P. 33. Although General Acc. Fire and Life Ass. Corp. differs from the present case in that the policy was issued before acceptance, it nonetheless establishes the controlling principle that the date of contract formation rather than the date of issuance determines when the duty to disclose terminates. See Strangio v. Consolidated Indemnity, 66 F.2d 330, 34 (9th Cir.1933) (interpreting California law).
 
 
 12
 Here, there is no dispute that an oral contract of insurance was formed at noon on February 13, 1979. David Holquin, an authorized agent of Continental, telephoned Rallod's broker on February 13 and stated that Continental would be "bound" as of noon of that day. Oral contracts to insure are valid in California. Spott Electrical Co. v. Industrial Indemnity Co., 30 Cal.App.3d 797, 805, 106 Cal.Rptr. 710 (1973).
 
 
 13
 Hence, Rallod's duty to disclose ceased at noon on February 13, 1979. The district court erred in extending the duty until the policy was issued on February 14. The issuance of the policy only memorialized the prior oral contract; it did not lengthen Rallod's duty to disclose material facts. See Spott Electrical Co., 30 Cal.App.3d at 805-6, 106 Cal.Rptr. 710.
 
 Concealment of Material Facts
 
 14
 The district court concluded that Rallod knew of the following material facts through February 14, 1979 and wrongfully concealed them from Continental.
 
 
 15
 (1) [Rallod] was required under paragraph 10 of the UCS/UPCL agency agreement to collect the total ocean freight and any surcharges on the cargo to be shipped under the agreement when such freight was payable in the United States or Canada;
 
 
 16
 (2) the same paragraph required Rallod to remit the total ocean freight and any surcharges promptly to the credit account of UPCL at a Tokyo bank within seven days after the ship's departure with the exception of an adequate working fund permitting Rallod to pay UPCL's North American expenses in timely fashion;
 
 
 17
 (3) the delay in sailing under the [charter] agreement placed UPCL in financial difficulties;
 
 
 18
 (4) UPCL required the remittance of freights pursuant to the agreement in order to meet UPCL's own financial obligations, particularly the charter hire for ships owned by the HBS Group;
 
 
 19
 (5) as of February 13, 1979, ... UPCL had not paid its bunker bills or charter hire to the HBS Group;
 
 
 20
 (6) as of February 13, 1979, ... the HBS Group was contemplating pulling its vessels out of service with UPCL, and thus with Rallod;
 
 
 21
 (7) prior to February 15, 1979, ... the HBS Group was asserting its contractual lien on the freights and sub-freights of the vessel Borgestad.
 
 
 22
 The district court reached its conclusion of concealment under the incorrect assumption that Rallod's duty to disclose continued through February 14, 1979. Because Rallod's duty ceased at noon on February 13, 1979, there exists a genuine issue of material fact concerning what Rallod knew as of noon on February 13. Hence, summary judgment was improper and this case must be remanded to resolve the following question: Did Rallod possess any material information at noon on February 13, 1979?
 
 
 23
 This inquiry can be narrowed considerably because we hold that some of the facts known to Rallod as of noon February 13 are not material.
 
 
 24
 First, findings (1) and (2) above have no bearing on the determination of concealment since the facts were known to both parties.
 
 
 25
 Second, findings (3), (4) and (5) are not material as a matter of law. Each finding relates to Rallod's knowledge of UCS/UPCL's financial status. Continental did not inquire about Rallod's knowledge of UCS/UPCL, see Thompson v. Occidental Life Ins. Co., 9 Cal.3d 904, 916, 109 Cal.Rptr. 473, 513 P.2d 353 (1973), nor did UCS/UPCL's financial instability constitute the risk that Rallod was to be insured against. See Williamson & Vollmer Eng., Inc. v. Sequoia Ins. Co., 64 Cal.App.3d 261, 134 Cal.Rptr. 427 (1976). Thus, under either one of the district court's tests for materiality, findings (3), (4) and (5) are not material. As a result, Rallod's non-disclosure of these facts would not violate its duty.
 
 
 26
 We agree with the district court that findings (6) and (7) above are material. Continental inquired if Rallod had any "claims experience." This inquiry should have alerted Rallod to the fact that Continental was interested in any information which could directly lead to a claim against Rallod. Both findings (6) and (7) suggest the possibility of an action by HBS against Rallod.
 
 
 27
 Consequently, on remand the unresolved issue of fact will be whether Rallod knew of the facts specified in findings (6) and (7) at or before noon on February 13, 1979.
 
 Continental's Cross-Appeal
 
 28
 Continental contends that the district court erred in failing to find Rallod guilty of misrepresentation. We reject this contention. We agree with the district court's holding that the term "claim experience" is ambiguous and that Rallod's response "none-new business" does not constitute misrepresentation.
 
 
 29
 We also dismiss Continental's claims that it was entitled to recover consequential damages and costs. These claims are premature and should only be considered by the district court in the event that a favorable judgment is entered for Continental.
 
 
 30
 The judgment is AFFIRMED in part and REVERSED and REMANDED in part. The parties shall bear their own costs on appeal.
 
 
 
 *
 The Honorable Ray McNichols, Senior United States District Judge, District of Idaho, sitting by designation