[S. F. No. 8545. In Bank.—February 2, 1918.]

## SAMUEL PAPADAKOS, Appellant, v. J. M. SOARES, Respondent.

CONTRACT—ACTION FOR BREACH—CONSIDERATION—MUTUAL PROMISES OF FORBEARANCE.—A promise by the holder of a note secured by mortgage not to bring suit to foreclose until a certain date, was a valid consideration for a promise by the holder of a note secured by a prior deed of trust on the same property not to foreclose until the same period, and where in an action for damages by the holder of the mortgage against the holder of the trust deed for breach of such a contract, judgment of dismissal was entered upon the ground that the complaint failed to state a cause of action for lack of consideration for the agreement sued on, such judgment was erroneous.

APPEAL from a judgment of the Superior Court of Alameda County. Stanley Smith, Judge.

The facts are stated in the opinion of the court.

Henry B. Lister, for Appellant.

F. I. Lemos, and Rose & Silverstein, for Respondent.

WILBUR, J.—Plaintiff seeks to recover $750 damages for breach of contract. This is an appeal from a judgment of dismissal, made upon the ground that the complaint in the case failed to state a cause of action for the reason that the complaint failed to allege a sufficient consideration for the agreement sued upon. The plaintiff and the defendant each owned obligations secured by certain real property. Defendant's obligation was secured by deed of trust made to secure an indebtedness of three thousand dollars. The plaintiff's obligation was a note for one thousand five hundred dollars upon which $750 had been paid, leaving a balance of $750 due March 15, 1915. This was secured by a mortgage subject to said deed of trust. It is alleged that on the thirtieth day of March, 1915, "plaintiff and defendant entered into a verbal agreement, whereby the plaintiff promised and agreed not to commence any action to foreclose said mortgage, until June, 1915, and in consideration of said promise the defendant promised and agreed that he would not take any proceedings under his deed of trust before the 1st day of June, 1915, and the said defendant further promised to foreclose under said deed of trust, after the 31st day of May, 1915, and promised to make plaintiff a party to the action, for the purpose of enabling him to protect his equity in the property." It is alleged that in violation of the terms of said promise the defendant, without the knowledge or consent of plaintiff, proceeded to advertise said property for sale on May 15, 1915, and on the 29th of May, 1915, caused the property to be sold and purchased the same for the sum of three thousand dollars, plus the amount due to defendant for interest and costs of sale, thereby causing plaintiff to lose his claim to his damage in the sum of $750. The question presented by the record is this, Did the promise of the plaintiff to forbear bringing a foreclosure proceeding upon his mortgage then due constitute a sufficient consideration for the agreement of the defendant? "The rule on this subject is thus stated in Story on Contracts, section 447: 'Mutual promises are concurrent considerations, and will support each other, unless one or the other be void; in which case, there being no consideration on the one side, no contract can arise.'" (*Siddall* v. *Clark*, 89 Cal. 321, [26 Pac. 829].)

"As was stated in *Belloc* v. *Davis,* 38 Cal. 256, 'It is well settled that forbearance to sue is a sufficient consideration to support a contract.' What may constitute a valuable consideration 'may be the surrender, suspension, or forbearance of a legal right to process for the enforcement of the collection of the debt.' Citing *Frey* v. *Clifford,* 44 Cal. 335, 341." (*Wells, Fargo & Co.* v. *Enright,* 127 Cal. 669, 673, [49 L. R. A. 647, 60 Pac. 439, 441].) Our code provides that, "Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise." (Civ. Code, sec. 1605.) The agreement to forbear suit on the part of the plaintiff in this case is a "prejudice suffered or agreed to be suffered, by such person, other than such as he is at the time of consent, lawfully bound to suffer." It is immaterial whether the court is able to discover any actual benefit derived by the defendant or any substantial prejudice suffered by the plaintiff by such forbearance. The question of whether or not the plaintiff may be able to establish the allegations of his complaint as to damage is not involved on this appeal.

Judgment is reversed.

Shaw, J., Sloss, J., Melvin, J., Victor E. Shaw, J., *pro tem.,* and Angellotti, C. J., concurred.