[Civ. No. 6114. First Appellate District, Division One.— November 26, 1929.]

ELEANORE E. HAMILTON, Appellant, v. F. W. HOLL-MAN, Respondent.

Charles W. Byrnes and Robert L. McWilliams for Appellant.

Harry I. Stafford and Edward A. Cunha for Respondent.

THE COURT.—The parties to the above action, who were formerly husband and wife, made a property settlement on July 14, 1921. The material parts of the agreement in which the defendant is named as the first party and the plaintiff as the second party, are as follows: "The parties hereto have agreed and do hereby agree as follows, to wit: 1. That said first party hereby agrees to pay said second party the sum of Fifteen hundred dollars ($1500) upon the execution of this agreement, and the additional sum of Eight thousand five hundred dollars ($8500) within three years from the date hereof. Said sum of $8500 to be evidenced by a promissory note a copy of which is hereto annexed and made a part hereof. . . . 2. That said party of the first part further agrees to pay said party of the second part the sum of $150 per month, in advance, beginning with the date hereof, until the remarriage or death of said second party, or payment of said sum of $8500. It is further understood and agreed that said payments of $150 per month shall be reduced *pro rata* with the reduction by payments of the sum of $8500, and entirely cease when said sum of $8500 has been fully paid. In the event that said first party fails to pay said monthly payments for three months, said party of the second part may, at her option, declare said sum of $8500 immediately due and payable."

On March 14, 1925, the plaintiff remarried, thus terminating the defendant's obligation to make further payments. The complaint averred that the defendant during the period between May, 1924, and March 14, 1925, failed to make the monthly payments provided by the contract, amounting to $1575. Among other defenses to the action the defendant alleged that under the terms of the contract it was agreed that the monthly payments should be applied to and credited toward the payment of the $8,500 evidenced by the note; that so applied $5,300 had been paid on May 1, 1924, and

that on June 1, 1924, the defendant tendered to plaintiff the balance of $3,150, thereby terminating his obligations under the contract, and also that previous to the commencement of the present suit the plaintiff recovered a judgment against the defendant for the above sum of $8,500. The trial court adopted the construction of the contract contended for by the defendant, and found that the plaintiff refused to accept the tender of $3,150 made by the defendant on June 1, 1924. It was found that by reason of the judgment entered in the action to recover the $8,500, the obligation of the defendant to make the monthly payments terminated on July 17, 1924. From the above the court concluded that the plaintiff was not entitled to recover. Judgment was entered accordingly, and the plaintiff has appealed therefrom.

. ▉ In the action referred to in the findings an appeal was taken from the judgment by the defendant, who contended, as in the case at bar, that the parties to the contract intended the monthly payments to apply on the sum evidenced by the note, and that the trial court erred by failing to allow the same as a credit thereon. The appellate court, in affirming the judgment, held that the trial court had correctly interpreted the language of the contract; that it was not the intention of the parties that the monthly payments should be credited on the note, but that the latter was an additional and separate obligation (*Hollman* v. *Hollman,* 88 Cal. App. 748 [264 Pac. 289]). Respondent concedes that as regards the interpretation of the contract he is concluded by the above decision, but contends that the effect of the judgment in that action was to terminate the plaintiff's right to further monthly payments. The contract provided that the monthly payments should "entirely cease when said sum of $8500 has been fully paid." Payment is that which the parties to the contract agree shall be accepted as such (*Watkins* v. *Sims,* 81 Fla. 730 [88 South. 764]). The contract contains no suggestion that the parties intended a judgment for this amount to be equivalent for any purpose to its payment, and such was not its legal effect (*Lord* v. *Bigelow,* 124 Mass. 185).

In view of the above construction of the contract, and the undisputed facts of the case, the findings of the trial court should have been in accordance with the allegations of the

complaint as amended, and judgment entered accordingly. We are authorized to make findings contrary to or in addition to those made by the trial court (Const., art. VI, sec. 4¾; Code Civ. Proc., sec. 956a; *Kirk* v. *Culley*, 202 Cal. 501 [261 Pac. 994]); and the present is a proper case for the exercise of the power. · We therefore find that all the allegations contained in plaintiff's complaint as amended are true, and as a conclusion of law therefrom that she is entitled to judgment against the defendant for the sum of $1575 with interest thereon from March 14, 1925, at the rate of seven per cent per annum, together with her costs and disbursements in the action.

The judgment is reversed, with directions to the trial court to enter judgment for the plaintiff in accordance with the views expressed above.