[Civ. No. 9317. Second Appellate District, Division Two.—January 31, 1936.]

SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Respondent, v. J. W. HOWLAND et al., Defendants; WALLACE M. PENCE, as Administrator, etc., Appellant.

568

Wallace M. Pence, *in pro. per.*, for Appellant.

Maurice Blumenthal for Respondent.

McCOMB, J., *pro tem.*—This is an appeal from a judgment in favor of respondent entered after the trial judge granted a motion for judgment on the pleadings.

The conceded facts are:

March 10, 1930, defendants J. W. and Francis Irene Howland deeded certain premises to Omar M. Pence, subject to a mortgage executed by said defendants in favor of respondent securing the payment of a note due November 7, 1931. September 25, 1930, Omar M. Pence requested respondent to grant an extension of the due date of said note to November 7, 1934, which request was granted by respondent, and in consideration thereof said Omar M. Pence guaranteed payment of the note. March 7, 1932, Omar M. Pence died. Respondent duly presented a claim to the administrator of decedent's estate based upon the note and guarantee above mentioned, which claim was rejected. Respondent thereafter instituted this action to foreclose the mortgage and joined appellant as administrator of the estate of Omar M. Pence, deceased. A judgment was entered decreeing foreclosure of the mortgage and providing that a deficiency judgment be entered against appellant.

Appellant relies for reversal of the portion of the decree providing for a deficiency judgment against the estate on the following propositions:

*First: That the complaint does not contain a copy of the claim presented to appellant.*

*Second: That an action to establish the validity of a claim against an estate based upon a note, the payment of which was guaranteed by the decedent, may not be joined with a cause of action to foreclose a mortgage securing said note.*

*Third: The consideration for the guarantee has failed.*

The first proposition urged by appellant must be answered adversely to his contention, since the answer contained an exact copy of the claim as presented to the administrator of the estate, thus supplying any defect in the complaint relative to the contents of the claim as filed with the administrator of decedent's estate. (*Burns* v. *Cushing*, 96 Cal. 669, 671 [31 Pac. 1124].)

The second proposition presented by appellant is answered contrary to his position by subsection 8 of section 427 of the Code of Civil Procedure, which provides that the plaintiff may unite several causes of action in the same complaint, where the claims arise out of transactions connected with the same subject of action. In the instant case there can be no doubt that the causes of action to foreclose the mortgage and for a deficiency judgment against appellant were claims arising out of transactions connected with the same subject of action, to wit, the promissory note which was secured by the mortgage sought to be foreclosed and the payment of which was guaranteed by the decedent.

The final proposition upon which appellant relies is without merit for the reason that the consideration for the guarantee was respondent's promise to forbear suit for collection of the note prior to November 7, 1934, so long as the interest was paid on the note in quarterly installments when due. (Sec. 1605, Civ. Code; *Papadakos* v. *Soares*, 177 Cal. 411, 413 [170 Pac. 1114].) This promise respondent complied with. As the installment of interest due on the note November 7, 1932, was not paid, respondent very properly brought this action to enforce payment of the obligation.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.