[Civ. No. 10822. First Appellate District, Division One.—February 28, 1939.]

ROBERT H. BACON, Respondent, v. KATHRYN B. KESSEL, Appellant.

John L. McNab and Robert Littler for Appellant.

Edward J. Silver and H. Raymond Hall for Respondent.

GEARY, J., *pro tem.*—Plaintiff and defendant are brother and sister and two of the heirs at law of Frank P. Bacon, deceased. The latter died on or about April 4, 1928, leaving an estate of real and personal property. By the terms of his last will, Frank P. Bacon bequeathed the sum of five hundred ($500) dollars, and no more, to his son Robert H. Bacon, respondent herein. By his will the decedent left a life estate in one-half of his estate to his widow, and devised and bequeathed the other half-interest in his estate in equal shares to seven other children, and provided that from each of said shares there should be deducted such sums as had been theretofore advanced to each of these children during the lifetime of decedent. According to the will and the codicil, these advances amounted to as much as $30,353.24 advanced to Henry D. Bacon down to the sum of $5,802.94 advanced to Joseph C. Bacon. The will further provided that upon the death of decedent's widow, one-half of the remainder should be distributed share and share alike to the seven designated children, and the other half interest, or one-quarter of his total distributable estate was left to various charitable organizations. The respondent herein had received no advances from his father during the latter's lifetime and was highly resentful at what he considered was his unfair treatment by the terms of the will.

The evidence for respondent and appellant is in direct and hopeless conflict. The testimony of respondent to material facts is corroborated by that of his brothers Thomas P. Bacon and Joseph C. Bacon. The testimony of appellant in some

particulars was in conflict with the testimony of her husband, a witness on her behalf. Accepting that view of the evidence adopted by the trial court, it appears that respondent's feeling of resentment of the terms of the will was shared by his brothers Thomas P. and Joseph C. Bacon, and by his sister the appellant herein. Respondent visited these brothers and the appellant and declared his purpose to contest the will unless some "arrangement" were made whereby he should receive his proper share of the estate. Appellant advised the respondent that it would not be necessary to contest the will; that he should have an instrument prepared whereby she and the brothers Thomas P. and Joseph C. Bacon would assign to him a one-eighth portion of their shares of the estate. Respondent thereupon had such document prepared which the brothers signed, and with the terms of which they thereafter complied. Appellant demurred at signing the instrument however, stating that she had been advised by her attorney that it might complicate the settling of the estate but told him that she would see he got a one-eighth share of her portion of the estate, or the equivalent, at the time the estate was distributed. Respondent relied upon this statement and did not file a contest. Thereafter, and when the estate was distributed, appellant repudiated the agreement with respondent and refused to give him the equivalent of a one-eighth share thereof or any portion of the property received by her. Respondent thereupon instituted this action.

In the complaint it is alleged, that upon being informed of the terms of the last will and upon advice of counsel, plaintiff intended to contest the same and "plaintiff and defendant entered into an agreement and understanding whereby plaintiff consented to forbear contest of said last will and testament in consideration of payment to plaintiff by defendant of a one-eighth share of that portion of the estate received by defendant at the final settlement and distribution of said estate; that a similar agreement was made and entered into at said time by plaintiff and the brothers of plaintiff who were legatees under said Last Will and Testament, . . . " "That in consideration of the agreements aforesaid plaintiff forbore contest of said probate proceeding, relying upon said agreements; that final distribution was made on February 1, 1934." It is further alleged that defendant's distribu-

tive share amounted to approximately $22,659.24, and that plaintiff is entitled by the agreement to the sum of $2,832.40 which defendant refused to pay. The demurrer to the complaint being overruled defendant by answer specifically denied the allegations of the complaint. By a subsequent amendment to the answer it is alleged the action was barred by the provisions of Code of Civil Procedure, sections 337, 338 and 339 and sections 1971, 1973 and 1973a.

The court found and there is evidence to support the finding, that "defendant promised and assured plaintiff that if he would not contest the will that she would pay him one-eighth of what she would receive from the estate or its equivalent value; that plaintiff relied implicitly in defendant and trusted her completely and fully believed that she would keep her word in said matters and in consideration thereof and solely by reason thereof plaintiff did forbear filing a contest of said Will and probate proceedings". The court further found that defendant did not advise plaintiff she would not abide by the agreement until long after the time had expired in which he could have filed a contest, determined defendant's distributive share to be of the value alleged and that there was due, owing and unpaid from defendant to plaintiff a one-eighth thereof, or $2,832.40; that the action was not barred by either or any of the provisions of the sections of the Code of Civil Procedure as alleged in the answer, and rendered judgment accordingly.

██ Appellant's first contention is that the complaint did not allege, the evidence did not establish and the court did not find that plaintiff promised defendant to forbear suit; that mere forbearance alone is not a sufficient consideration for defendant's promise to share her legacy with plaintiff, unless the forbearance is pursuant to an express promise to forbear. (*Tiffany & Co.* v. *Spreckels,* 202 Cal. 778, 790 [262 Pac. 742]; *Estate of Thomson,* 165 Cal. 290, 296 [131 Pac. 1045]; *Schumann-Heink & Co.* v. *United States Nat. Bank,* 108 Cal. App. 223, 236 [291 Pac. 684, 292 Pac. 547].) The complaint alleges and the finding thereon as framed expresses the mutual agreement of the parties which constituted concurrent considerations for the promises made, and one will support the other. This is sufficient. (Civ. Code, sec. 1605; *Papadakos* v. *Soares,* 177 Cal. 411, 412, 413 [170 Pac. 1114]; *Garratt* v. *Baker,* 5 Cal. (2d) 745, 748 [56 Pac.

(2d) 225] ; *Security-First Nat. Bank* v. *Howland,* 11 Cal. App. (2d) 567, 569 [54 Pac. (2d) 53].)

The complaint alleges respondent agreed to forbear contesting his father's will in consideration of "payment" to him by appellant of a one-eighth share of that portion of the estate received by her at final distribution. Appellant insists that by the use of the term "payment" the respondent was limited to the recovery of a one-eighth interest of the money she received on distribution. (Civ. Code, sec. 1478.) That section is not exclusive in its scope, and does not purport to provide that the use of the term may not include the delivery of things other than money. (*LeBaron* v. *Berryessa Cattle Co.,* 78 Cal. App. 536, 547 [248 Pac. 779] ; *Hamilton* v. *Hollman,* 102 Cal. App. 166, 168 [282 Pac. 977].) It is variously defined by Webster as, "That which is paid; the thing given to discharge a debt, or an obligation, or in fulfillment of a promise", and its common use goes far beyond the definition insisted upon. It was doubtless so used by the parties herein, and unfortunately by the pleader as well. The variance—if any—between the promise alleged and the promise proved is slight and while the demurrer to the complaint upon the ground of ambiguity might well have been sustained in the interest of proper pleading, it does not appear that appellant was misled or materially prejudiced by the court's ruling thereon. (*Bank of Lemoore* v. *Fulgham,* 151 Cal. 234, 237 [90 Pac. 936] ; *Taylor* v. *Morris,* 163 Cal. 717, 724 [127 Pac. 66].) The complaint herein was filed in September, 1935. The trial commenced January 21st, 1936, and adjourned in the afternoon of that day to February 11, 1936, upon which date it was completed. Appellant denied having heard respondent declare his intention to contest the will and denied that she at any time made any promise to pay, give or assign any portion of her interest in the estate, or the equivalent of a one-eighth share therein to him. In view of appellant's testimony the variance could hardly have misled her, and the extended adjournment during the trial permitted the action to be fully and fairly tried upon the merits. A consideration of the findings convinces us the trial court must have adopted such a view of the matter, which under the circumstances it was authorized to do. The variance is not such as to constitute reversible error. (Code Civ. Proc., secs. 469, 470; *Bollinger* v. *Bollinger,* 154 Cal. 695,

702 [99 Pac. 196]; *Carter* v. *Rhodes,* 135 Cal. 46, 48 [66 Pac. 985]; *Grossetti* v. *Sweasey,* 176 Cal. 793, 795 [169 Pac. 687].)

The finding of the court as to the value of the interest distributed to appellant is supported by competent evidence. The certified copy of the decree of distribution *In the Matter of the Estate of Frank P. Bacon, Deceased,* was offered and received in evidence. It appears therefrom the probate court adopted the stipulation executed by the devisees and legatees, including the parties herein, and found pursuant thereto, the value of the respective distributive shares of said estate. The decree of distribution from which no appeal was taken is a final judgment, and the certified copy thereof was properly admitted. (Code Civ. Proc., sec. 1905.) That decree is determinative of the facts presented or which might have been presented therein, and is conclusive upon the parties or their privies as to those facts when *incidentally* put in issue between them in relation to a different matter, in the same or any other court. (*Estate of Clark,* 190 Cal. 354, 360 [212 Pac. 622]; *Estate of Bell,* 153 Cal. 331, 339, 340 [95 Pac. 372]; *Estate of Blake,* 157 Cal. 448, 456 [108 Pac. 287]; *Todhunter* v. *Smith,* 219 Cal. 690, 694 [28 Pac. (2d) 916]; *Transmarine Corp.* v. *R. W. Kinney Co.,* 123 Cal. App. 411, 422 [11 Pac. (2d) 877]; *Hardy* v. *Rosenthal,* 2 Cal. App. (2d) 442, 444, 445 [38 Pac. (2d) 412]; *White* v. *Lantz,* 126 Cal. App. 693, 695, 696 [14 Pac. (2d) 1041].) There being competent evidence of the value of appellant's distributive share of the estate in the record, it is unnecessary to determine whether other testimony addressed to this question was improperly received.

Accepting the view of the trial court as indeed we must in view of the conflict in the testimony presented, the action was not barred by the provisions of sections 1971, 1973 and 1973a of the Code of Civil Procedure. The conduct of appellant, as found by the court, presents a situation wherein by reason of and reliance upon her promises the respondent was induced to agree to refrain from pursuing a legal right until the time within which he might do so had expired at which time he was advised the promise would not be fulfilled. Under such circumstances the principle of equitable estoppel will apply. (*Carpy* v. *Dowdell,* 115 Cal. 677, 686, 687 [47 Pac. 695]; *Seymour* v. *Oelrichs,* 156 Cal. 782, 793–800 [106

Pac. 88, 134 Am. St. Rep. 154]; *Notten* v. *Mensing*, 3 Cal. (2d) 469, 474–477 [45 Pac. (2d) 198]; *Wilson* v. *Bailey*, 8 Cal. (2d) 416, 422, 423 [65 Pac. (2d) 770].) The rule enunciated in the cases of *Baker* v. *Bouchard*, 122 Cal. App. 708, 711 [10 Pac. (2d) 468], *Blanc* v. *Connor*, 167 Cal. 719, 724 [141 Pac. 217], and *O'Brien* v. *O'Brien*, 197 Cal. 577, 587 [241 Pac. 861], is not applicable herein. In the instant action no other contract than the one sued upon appears to which the forbearance of respondent is referable. The terms of the assignments by which the brothers gave respondent a portion of their interest in their father's estate—which we may properly assume was similar to the one submitted to appellant—in no way obligated respondent to refrain from contesting the will.

 The action being one for damages for breach of an oral contract, section 339, subdivision 1, Code of Civil Procedure, is applicable and the statute of limitations did not run until the expiration of two years from the time when the cause of action accrued. (*Crawford* v. *Duncan*, 61 Cal. App. 647, 650 [215 Pac. 573].) Hence the action was not barred.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 27, 1939.