[Civ. No. 14149. Second Dist., Div. Three. May 25, 1944.]

DOREEN MIRICH, a Minor, etc., Appellant, v. UNDER-WRITERS AT LLOYD'S LONDON, Respondent.

Phillip W. Silver for Appellant.

Lasher B. Gallagher and Joseph F. Rank for Respondent.

SHINN, J.—Plaintiff recovered a judgment against William E. Balsinger for malpractice in the sum of $3,850, of which amount she was able to collect only $313. Dr. Balsinger was insured by defendant herein under a policy which ran in favor of any person who might obtain judgment against him within its indemnity provisions. Plaintiff brought the present suit on the policy to collect the unpaid amount of her judgment. The company in its defense alleged that Dr. Balsinger had obtained the policy by means of false statements in his application and that it had been rescinded by the company for fraud, concealment and misrepresentation. Upon the trial the court made conflicting findings upon this defense but rendered judgment for plaintiff for the balance of her judgment against Dr. Balsinger. Defendant made a motion under section 663 of the Code of Civil Procedure for the entry of another and different judgment on the findings. In ruling upon this motion the court ordered stricken from the findings all conclusions of law, and amended the conclusions of law to call for a judgment in favor of

defendant. A new judgment was entered in defendant's favor and plaintiff appeals from this judgment.

The first question in order is whether the judgment is sustained by the findings. The case hinged upon the defense that the policy had been rescinded for fraud, concealment, and misrepresentation. For brevity we shall refer to it as the defense of fraud and as embracing unintentional as well as intentional concealment. There is an irreconcilable conflict between general findings on the issue of fraud and the findings as to specific facts bearing upon the alleged fraud. The court found specifically that Dr. Balsinger signed an application for the policy, reading in part as follows: ''12. I have not been sued or paid any sums for claims made against me for malpractice, error or mistake except as follows: 1 claim—7 yrs ago—U. S. F. & G. . . . 15. Remarks: The Doctor remodeled a woman's nose—and told her to return for treatment, she did not and was dissatisfied with the work. She then sued—and case was settled out of court for $200.00.'' It was found that before the application was signed, Dr. Balsinger had been sued for malpractice three times in Illinois, three times in the Superior Court of Los Angeles County, and once by cross-complaint in the Municipal Court of the City of Los Angeles, that two of the superior court actions had been decided in favor of Dr. Balsinger, that the third had been settled by his insurer, and that the municipal court suit had been settled by offsetting Dr. Balsinger's claim for services rendered against the patient's claim for damages. It was found that Dr. Balsinger knew of all of these suits and had filed answers in them, but mentioned none of them in his application. It was further found that defendant had no knowledge or information as to any of these suits at the time the policy was issued; that it learned of them during the trial of plaintiff's action against Dr. Balsinger and that it then gave notice of rescission of the policy and tendered return of the premium that had been paid. Notwithstanding these findings the court also found that it was not true that the statement in the application respecting claims and suits ''was false and untrue and was known by said William E. Balsinger to be false and untrue;'' that it was not true that the answer was made knowingly and with the intent that the defendant herein would be deceived thereby; that it was not true that the defendant was deceived

thereby; that it was not true "that the said William Ernest Balsinger engaged in any concealment, either deliberate or intentional or otherwise with the intent that this defendant would not be fully advised relative to the risk that it might purport to assume, or was made with the intent of deceiving this defendant in connection with the execution and issuance of said purported certificate of insurance;" that it was not true that the said William Ernest Balsinger knew that the replies inserted on his behalf in said application for insurance were false and untrue. It was further found, "that it is not true that the purported concealment alleged to have been engaged in by the said William Ernest Balsinger could not have been ascertained by the defendant herein with the exercise of ordinary care."

The foregoing summary includes all of the material findings upon the defense of fraud, except those relating to the notice of rescission, which are not in question. ■ There is only one point of disagreement between the parties as to the material facts on the issue of fraud. Plaintiff contends that the statement which we have quoted from the application was not a representation of fact. She relies upon the rule, sometimes recognized, that where a question in an application for insurance has not been answered at all or where it manifestly appears to have been incompletely answered and the policy has been issued without further inquiry, the insurer cannot later treat the omission to give an answer or a complete answer as a false representation. Appellant would have us construe the statement "I have not been sued or paid any sums for claims made against me for malpractice" as calling for two answers, one as to suits and the other as to the payment of claims without suit, and it is contended that under this construction it would appear that the inquiry as to suits had not been answered, while the inquiry as to the payment of claims had been. We do not regard this as a reasonable interpretation of the statement. We think the statement of the insured would be understood as meaning that only one suit had been filed against him and that no claim had been paid except the one he specified and explained. The statement should be construed as it naturally would have been understood and as it was intended to be understood by the company. It would seem apparent that the applicant was called upon and was expected to list suits that had been filed

against him and claims that he had paid, in a single statement, and that the answer would be understood as embracing all of the matter inquired about in paragraph 12 of the application. If that had not been the understanding, there would have been two inquiries instead of one. The statement constituted a positive representation that the applicant had been sued but once and had paid no claim except the one set forth in his answer. (*Westphall* v. *Metropolitan L. Ins. Co.* (1915), 27 Cal.App. 734 [151 P. 159]; *McEwen* v. *New York Life Ins. Co.* (1921), 187 Cal. 144 [201 P. 577].) In the Westphall case the application read in part, "I have never had any of the following complaints or diseases: Apoplexy . . . fits or convulsions . . . (naming a number of well-recognized diseases) varicose veins, except." Nothing was written by the applicant after the word "except" and it was held that his failure to note any exception constituted a positive representation that he had never had or suffered from any of the designated complaints or diseases. In the McEwen case the inquiry was: "What illnesses, diseases, or accidents have you had since childhood?" The applicant listed pneumonia but failed to list an injury occasioned by the kick of a mule. It was said that the answer, which omitted all mention of the accident, was in effect an answer that no accident had been sustained. A judgment on directed verdict for defendant was sustained on appeal, upon the ground that the applicant's answer constituted a fraudulent misrepresentation which voided the life insurance, policy. Appellant insists that these cases were wrongly decided and should be overruled, but we do not doubt that they were correctly decided. The false statement in Dr. Balsinger's application and defendant's reliance thereon in ignorance of the true facts warranted the company in rescinding the contract when it became acquainted with the facts. It was a representation as to a material fact. It was important for defendant to know Dr. Balsinger's experience with malpractice suits and claims before assuming the risk of insuring him, just as it is important for a life insurance company to inquire as to the previous state of health of an applicant or for a fire insurance company to inquire as to an applicant's previous experience with fires. There was no evidence from which the court could have drawn an inference that the representation was not a material one.

■ There was no finding that the statement in the application was true. The purported finding that it was not true that the statement "was false and untrue *and* was known by said William E. Balsinger to be false and untrue" does not negative the falsity of the statement. It may be that the court intended to find that even though the statement was false, Dr. Balsinger did not know it to be false. This, as we have seen, would be contrary to the proven facts and to other findings. The evidence that Dr. Balsinger had been sued many times and had full knowledge of the suits was undisputed. The specific findings as to prior suits and claims and the applicant's knowledge thereof demonstrate that the statement was untrue and was known by Dr. Balsinger to be untrue, and these findings are supported by undisputed evidence.

The finding that defendant was not deceived by the statement would be sustained if the representation had been true or if it had been false but defendant did not rely and act upon it. The falsity of the representation having been established and found to be a fact, the remaining question is as to defendant's reliance upon it. There was a specific finding that defendant had no knowledge or information as to the other suits against the insured until long after the policy had been issued. The application read in part, "Signing this form does not bind the Applicant to complete the Insurance, but it is agreed that this form shall be the basis of the Contract should policy be issued." The direct and undisputed testimony of defendant's agent was that he received and relied solely upon the application in issuing the policy, that defendant made no inquiry except by means of the application, and that the policy would not have been issued if defendant had known of the other suits against the insured. There was no other testimony upon that issue and there was no circumstantial evidence from which it could have been inferred that defendant was not deceived by the false statement.

■ The question then is what should be done with an appeal presented upon such a record. Where a finding establishes the existence of a fact from which the plaintiff's right to recover follows as a matter of law, and another finding is to the effect that the fact does not exist, and there is substantial evidence in the record to support both findings, a reviewing court would be obliged to reverse a judgment in

favor of either party. The trial court would have to make new findings. ■ But that is not necessarily true where one finding is supported by the evidence and the other is not. The case before us is unique; the facts upon the fraud issue have been found both ways, and upon one set of findings the case has been decided each way. We have quoted findings which, considered by themselves, would support the judgment that was given for plaintiff, but these findings have no support in the evidence. The uncontradicted evidence admits only of findings in favor of defendant. Under these circumstances we should not reverse the judgment because of the conflicts in the findings. The entire evidence is before us and the case is one where we should make findings in accordance with the facts established by the uncontradicted evidence and set aside the findings of the trial court which are in conflict with those made by us. (Code Civ. Proc., § 956a; *Kirk* v. *Cully* (1927), 202 Cal. 501 [261 P. 994]; *Donahue* v. *Conley* (1927), 85 Cal.App. 15 [258 P. 985]; *Hamilton* v. *Hollman* (1929), 102 Cal.App. 166 [282 P. 977]; *Wallace Ranch Water Co.* v. *Foothill Ditch Co.* (1935), 5 Cal.2d 103 [53 P.2d 929].) ■ The finding that it was not true that the questioned statement in the application "was false and untrue and was known by said William Ernest Balsinger to be false and untrue" is stricken for insufficiency as a finding of any fact and, under any construction thereof, unsupported by the evidence. We find as a fact, upon the direct and undisputed evidence, that defendant relied upon the statement in the application respecting prior suits and claims, and issued the policy in the belief that Dr. Balsinger had not been sued and that he had not paid any sums for claims except in the one instance stated in the application.

The trial court's specific findings as to the falsity of the statement and defendant's ignorance of the true facts and our finding that defendant relied upon the statement in issuing the policy furnish support for the judgment in favor of defendant. ■ There are other findings to the effect that Dr. Balsinger did not engage in intentional concealment and did not intend that the company would be deceived by any statement or omission in the application. It is unnecessary to take particular notice of these findings, although we think they have no support in the evidence. It is immaterial whether the omission to state the true facts was intentional

or unintentional if defendant was misled by the statements that were made by the applicant. Section 331 of the Insurance Code provides: "Concealment, whether intentional or unintentional, entitles the injured party to rescind insurance." See, also, *Telford* v. *New York Life Ins. Co.* (1937), 9 Cal.2d 103, 105 [69 P.2d 835]; *Iverson* v. *Metropolitan Life etc. Co.* (1907), 151 Cal. 746 [91 P. 609, 13 L.R.A.N.S. 866]; and *Pierre* v. *Metropolitan Life Ins. Co.* (1937), 22 Cal.App.2d 346 [70 P.2d 985].

■ Appellant makes the further contention that even though the policy were procured through fraud, the company is estopped to question liability by reason of the fact that it defended Dr. Balsinger in the action in which plaintiff recovered judgment. Cases have been cited by appellant which support the general proposition that an insurer waives the right to claim invalidity of the policy where it undertakes and carries through a defense of the insured against a claim covered by the policy. This general statement of the rule is sufficient for the purposes of our opinion. It rests upon the doctrine of estoppel. No case has been cited by appellant in which it has been held that the defense by an insurer of an action against the assured, without knowledge that the policy was procured by the assured by means of fraud or misrepresentation, precludes the insurer from rescinding the policy upon discovering the truth. ■ One of the essential elements of estoppel and waiver is knowledge of the facts. ■ There can be no waiver of the right to charge fraud, misrepresentation, or breach of warranty except by acts and conduct subsequent to the discovery of the facts, and by conduct evidencing an actual intention to relinquish a right. (*McDanels* v. *General Ins. Co.* (1934), 1 Cal. App.2d 454 [35 P.2d 394, 36 P.2d 829]; *California-West. States etc. Co.* v. *Feinsten* (1940), 15 Cal.2d 413 [101 P.2d 696, 131 A.L.R. 608].) One who by his misrepresentation induces another to take action, to the latter's prejudice, cannot rely upon the action taken to relieve him of the consequences of his deceit. ■ The evidence in the instant case is that defendant learned of prior suits against Dr. Balsinger while its attorney was engaged in the defense of plaintiff's suit against him. The attorney who had assumed the obligation of defending the suit for Dr. Balsinger would have had no right to abandon it in the midst of the trial (*McDanels* v. *General Ins. Co., supra*), and the fact that he continued

with the case until it was finished did not constitute a waiver by defendant of its right to rescind the policy. It gave notice of rescission immediately after the trial and as soon as it was in a position to do so. The company undertook the defense of the suit because it was required to do so under its policy, and it was placed in that position through the misrepresentation of Dr. Balsinger. He could not justly complain because the company's attorney protected his rights until the trial was finished. He could not escape the consequences of his misrepresentation or fraud upon the technical claim that the undertaking of his defense without knowledge of the truth, or the completion of the trial after such knowledge was obtained in the course of the trial, constituted a waiver of defendant's right to rescind. Plaintiff's right to recover on the policy can be no better than that of Dr. Balsinger, and the claim of waiver or estoppel asserted by her has no validity. (*Kindred* v. *Pacific Auto. Ins. Co.* (1938), 10 Cal.2d 463, 466 [75 P.2d 69], and cases there cited.)

The further argument is made that defendant must be deemed to have had knowledge of the suits against Dr. Balsinger because they would have been discovered by an examination of the court records. The argument is without merit. One who is induced to enter into a contract by positive representations of fact is under no duty to inquire as to the truth of the representations unless he is made aware of facts which bring them under suspicion and which would induce a prudent man to make inquiry. This is an elementary principle of law and of business.

The judgment is affirmed.

Desmond, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 20, 1944. Carter, J., voted for a hearing.