[Civ. No. 4688. Fourth Dist. Mar. 26, 1954.]

VIRGINIA M. STRAIN, Appellant, v. SECURITY TITLE INSURANCE COMPANY (a Corporation) et al., Respondents.

Lawrence W. Young for Appellant.

Meux & Gallagher for Respondents.

MUSSELL, J.—This is an action to quiet title, cancel certain promissory notes and to restrain defendants from selling the real property described in the complaint under the terms of a deed of trust given to secure said notes.

It is alleged in the complaint that on February 6, 1948, plaintiff and her husband, L. R. Strain, executed two promissory notes, payable to defendants Glenn and Phyllis Magee, one for $5,000, with interest at 6 per cent and the other for $15,000, with interest at 5 per cent; that both notes were payable on or before January 24, 1951; that on February 6, 1948, plaintiff and her husband also executed a deed of trust on the real property described in the complaint to secure the payment of said notes; that said real property was held in joint tenancy by Mr. and Mrs. Strain; that said L. R. Strain died and plaintiff, as the surviving joint tenant, became the sole owner of the property; that the two promissory notes secured by the trust deed were fully paid prior to August 15, 1952; that a notice of default and election to sell under said trust deed was filed on August 15, 1952, by the defendant title company as trustee; that unless said title company is restrained by the court it will sell the property under the terms of the trust deed to satisfy the sum of $18,240, plus interest, alleged by defendants to be due under said notes. Defendants, in their answer, denied that the said notes had been fully paid prior to August 15, 1952, or at any other time, and alleged that they had an interest in the property involved.

The trial court found that the notes had not been paid in full as alleged by plaintiff and she appeals from the judgment denying her the relief sought in the complaint.

### FACTS

On January 24, 1946, a limited partnership agreement was executed by and between Henry C. Berg and L. R. Strain, general partners, and Glenn E. Magee and Phyllis Magee as limited partners. This partnership was formed for the purpose of carrying on a general plumbing and heating business in Fresno and was for a term of five years from and after January 24, 1946. The stated capital of the partnership was $45,000, contributed as follows: Berg and Strain, who had theretofore been conducting a partnership business, were to transfer the assets from the general partnership to the limited partnership and these assets were valued at the sum of $30,000. The Magees, as limited partners, were to contribute $7,500 each, payable $10,000 upon the execution of the agreement and an additional $5,000 on February 15, 1946. The agreement further provided that upon the termination of the partnership (on January 24, 1951) the limited partners

should receive their contribution to the partnership in the sum of $15,000, plus all moneys owing to them from the partnership by reason of the terms of said agreement. On January 24, 1946, when the Magees contributed the sum of $10,000 to the partnership, they received a promissory note payable to them in the sum of $5,000, signed by Berg and his wife and the Strains. This note was secured by a trust deed and was payable on or before January 24, 1951.

On June 1, 1947, an amended agreement of limited partnership was executed by and between L. R. Strain, Henry C. Berg and Glenn E. Magee. The purpose of this agreement was, among other things, to accomplish the gradual retirement of Berg from the partnership. It was agreed therein that Strain would be the general partner and Magee and Berg limited partners. Provision was made for the transfer of Berg's interest to Strain and the return to Berg of his contribution to the partnership within two years. The capital contribution of Berg was set forth therein as the sum of $30,000 and that of Magee as $22,491.01. It was further provided that the amended agreement of the copartners should continue in full force and effect until January 24, 1951, unless sooner terminated.

On February 6, 1948, the Strains executed the two promissory notes here involved, one for $5,000 and the other for $15,000, and on the same date executed a trust deed on their real property to secure the payment of these notes. The $20,000 represented by these two notes was the $20,000 originally contributed to the partnership by the Magees.

On November 17, 1947, Berg executed a receipt and release by which he transferred all of his interest in the partnership to L. R. Strain and waived all claims against the partnership. On February 11, 1948, the trust deed securing the $5,000 note which he and his wife had signed on June 24, 1946, was reconveyed and Berg thereafter had no interest in the partnership.

On March 12, 1948, articles of incorporation of the L. R. Strain Plumbing and Heating Company were filed in the office of the secretary of state and on April 8, 1948, the corporation filed an application for a permit to issue stock. It was stated in the application that the purpose of forming the corporation was to acquire the assets of L. R. Strain Plumbing and Heating Company, a partnership limited in nature and consisting of L. R. Strain as a general partner and G. E. Magee as a limited partner. The corporation pro-

posed to issue to L. R. Strain 620 shares of common stock in exchange for his interest in the copartnership, valued at $62,000 as of March 15, 1948. It was also proposed to issue to Magee 200 shares of preferred stock in said corporation for his interest, valued at $20,000. The permit was issued in accordance with the application and thereafter the corporation issued 200 shares of its preferred stock to Magee pursuant thereto. This stock was delivered to Magee and was in his possession at the time of trial.

■ Plaintiff contends that there was no consideration for the notes involved and that Magee accepted 200 shares of preferred stock in said corporation in full payment of said notes. The trial court found that the notes had not been paid in full; "that at the time said notes and deed of trust were executed, the defendant Glenn E. Magee was a limited partner in the limited partnership known as L. R. Strain Plumbing and Heating Company, and that Lee R. Strain was the general partner; that the value of Glenn E. Magee's interest in said limited partnership was $20,000; that said Lee R. Strain wished to incorporate said business, and in consideration of Glenn E. Magee's consenting to said incorporation and the transfer of all partnership assets to said corporation, L. R. Strain and Virginia M. Strain executed said notes and deed of trust as security for the repurchase of the shares of preferred stock issued to said Glenn E. Magee in exchange for his interest as a limited partner. We conclude that these findings are supported by sufficient substantial evidence and that the contentions of plaintiff are without merit.

The evidence shows that the two notes involved (totaling $20,000) represented the sums originally contributed to the partnership by the Magees. The partnership, by agreement of the parties, was to end January 24, 1951, and the notes were made payable on that date. On the said last mentioned date the $20,000 contributed to the partnership by the Magees was to be returned to them. It may be reasonably inferred from the evidence that the notes were given as security for the return to the Magees of the capital invested by them in the partnership and that this money was to be paid to them on January 24, 1951. There is no testimony in the record that the Magees agreed to release the Strains from the obligations on the notes upon acceptance by them of the 200 shares of preferred stock or that Magee agreed to accept the

stock as payment of the indebtedness and the evidence shows that the stock involved was not delivered to Magee upon condition that the notes be surrendered by him to the corporation.

Payment is that which the parties to the contract agree shall be accepted as such. (*Hamilton* v. *Hollman*, 102 Cal.App. 166, 168 [282 P. 977].) In *Borland* v. *Nevada Bank*, 99 Cal. 89, 94 [33 P. 737, 37 Am.St.Rep. 32], it is said:

"Payment, like sale, can result only from the mutual agreement of the parties that the transaction shall have that effect, and without such consent the transaction cannot be treated by the court as a payment. Technically, payment can be made only in money. It is defined in the Civil Code to be 'performance of an obligation for the delivery of money only.' (Sec. 1478.) Payment may, however, be made in merchandise or any commodity other than money which the parties to the transaction agree shall be accepted as payment, but the consent of the creditor to accept as payment the thing received is as essential as the purpose of the debtor that it shall have that effect. 'The acceptance of any valuable thing in discharge of the debt amounts to payment, but it is the distinct agreement of the creditor to accept the thing in discharge of the debt that gives it the character of payment. Without this, the transaction is regarded either as furnishing matter of setoff or as security collateral to the original debt, according as the subject received is in possession or in action.' (*Covely* v. *Fox*, 11 Pa.St. [171] 174.)''

The articles of incorporation of the L. R. Strain Plumbing and Heating Company, Inc., provide "that the preferred stock may be redeemed in whole or in part at the option of the corporation on the 24th day of January, 1951, or at any time thereafter at a redemption price equal to the par value of the preferred stock plus accrued and unpaid dividends.'' If the stock issued to Magee had been thus redeemed on January 24, 1951, and the redemption price paid to him, the notes involved would have been paid. However, this was not done and Magee desiring to obtain his capital contribution as provided in the partnership agreement instituted proceedings for the collection of the notes.

The trial court found that the defendant should be required to surrender to the plaintiff the 200 shares of preferred stock involved and concluded that upon such surrender, plaintiff is not entitled to an injunction as prayed for in her complaint. The judgment recites that the defendants have filed

in said court a consent to the surrender to plaintiff of said stock and that plaintiff is not entitled to the injunction sought.

It is argued that the court erred in entering judgment conditioned upon the surrender of the said stock. However, in imposing a condition, a court of equity is not bound down to the strict legal rights of the parties, but will take into consideration all the circumstances in order to arrive at the justice of the case. (*Weyant* v. *Murphy,* 78 Cal. 278, 283 [20 P. 568, 12 Am.St.Rep. 50].) And as was held in *Seeger* v. *Odell,* 18 Cal.2d 409, 418 [115 P.2d 977, 136 A.L.R. 1291]: "[A] court granting equitable relief has the power to make its decree contingent upon compliance by the plaintiff with certain conditions." This is an equitable action and the court had jurisdiction to hear and determine all issues necessary to do complete justice. (*Bacon* v. *Wahrhaftig,* 97 Cal.App.2d 599, 604 [218 P.2d 144].)

Plaintiff argues that there was no consideration for the notes involved. This argument is without merit. It is presumed that a promissory note or bill of exchange was given or endorsed for a sufficient consideration (Code Civ. Proc., § 1963, subd. 21), and as was said in *DeTray* v. *Higgins,* 31 Cal.App.2d 482, 494 [88 P.2d 241]:

"A promissory note is presumed to have been given for a sufficient consideration under section 1614 of the Civil Code and in an action thereon, the introduction of the note in evidence establishes a *prima facie* right to recover according to its terms. The burden of showing a want of consideration, under section 1615 of that code, is cast upon the party seeking to avoid it, and if he fails to make this showing, the presumption prevails and furnishes sufficient evidence to support a finding that the note was given for a good and valuable consideration."

The implied finding that there was consideration for the notes involved is supported by the record.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 19, 1954.